By the Court
 

 (Weygandt, C. J.).
 

 The single assignment of error urged by the Industrial Commission is that the charge of the trial court was prejudicially erroneous in a number of respects.
 

 One statement complained of reads as follows: “Now, ladies and gentlemen, as I have said to you, the law provides that if a working man is, while working for his employer, and. while in the course of his employment, if while so doing he is injured, and sickness or bodily harm comes to him, and as a direct and proximate result of that injury, then, ladies and gentlemen, he is entitled to compensation if that'injury causes him to be out of employment.”
 

 This clearly overlooks the requirement of the law
 
 *21
 
 (Section 1465-78, General Code) that the disability must be of more than seven days duration.
 

 Similarly in another paragraph appears the following statement: “Now, ladies and gentlemen, therefore, you have this question; was the plaintiff injured while he was working for The Great Atlantic
 
 &
 
 Pacific Tea Company, and did the injury as described in the petition follow as a direct and proximate result of being so hurt while so engaged. That, ladies and gentlemen, is the problem for you to determine. ’ ’
 

 Still another statement is as follows: “Now, ladies and gentlemen, I want to say to you it is not a question of
 
 negligence;
 
 it is simply a question of whether or not he was hurt in the course of his employment. If men are so hurt they are entitled to compensation * *
 

 Several other obvious inaccuracies appear, but they are of less moment.
 

 This court is mindful of the well-recognized rule that the charge of a trial court must be considered in its entirety. However, a careful study of the context makes it difficult to avoid the conclusion that the members of the jury were in all probability confused and misled by the unfortunate statements mentioned. It is therefore the view of this court that the judgment of the Court of Appeals must be reversed and the cause remanded for retrial.
 

 Judgment reversed and cause remanded.
 

 Day, Allen, Stephenson, Jones and Matthias, JJ., concur.